IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CHARLES E. ADAMS, et al.,

    Plaintiffs,

v.                                                                                                          No. 1:20-cv-01197-JTF-jay

ADIENT US LLC, et al.,

    Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION TO COMPEL**

---

Before the Court is a Motion to Compel production filed by Defendants Johnson Controls, Inc., Adient US LLC, and Hoover Universal, Inc. (hereinafter, Defendants). (ECF No. 102.) This matter was referred to the undersigned for determination. (ECF No. 108.) Plaintiffs have filed a Response. (ECF No. 104.) Defendants then filed a Reply, and Plaintiffs filed a Sur-Reply. (ECF Nos. 111-2, 113-1.) Based on the following analysis, the Court DENIES Defendants' Motion to Compel.

**I. THE PARTIES' POSITIONS**

Defendants move for an order compelling Plaintiffs to "execute original or corrected releases for medical records for all healthcare professionals who have treated . . . plaintiffs since 2000." (ECF No. 102-1 at 1.) In 2018, Adient served its "First Set of Requests for Production" that included requests for Plaintiffs to produce "all medical records and other [d]ocuments [r]elating to [y]our medical and mental health history, [i]ncluding all physical and mental illnesses, diseases, and symptoms; all physical and mental health treatment sought or received; and all diagnoses and

1

prognoses provided by any medical or mental health professional." (ECF No. 102-3 at 8-9.) This production request was for those Plaintiffs claiming "damages or other relief for" injuries such as "mental anguish or emotional distress," "physical or bodily injury," or "exposure to any [c]ontamination . . . ." (ECF No. 102-3 at 8-9.)

Defendants state, and Plaintiffs do not contest, that this request for production has not been satisfied as to all Plaintiffs. (ECF No. 102 at 1-2; ECF No. 104 at 2-3.) Defendants state that because "[o]nly one Plaintiff produced any medical records in response to [Defendants'] 2018 formal discovery requests . . . [Defendants] pivoted to a no less effective or enforceable means of obtaining the medical record information that [they] had requested." (ECF No. 111-2 at 3.) Defendants requested that Plaintiffs produce "medical records release authorization form[s] compliant with the Health Insurance Portability and Accountability Act ("HIPPA") ("Release Form[s]") that would enable [Defendants] to obtain the records directly from Plaintiffs' medical providers." (ECF No. 102-1 at 3.) However, seventeen Plaintiffs have either not complied with the request, or they have produced insufficient documentation.[1] (ECF No. 102 at 1-2.)

Defendants have gone to great lengths in their attempt to obtain the Release Forms from Plaintiffs. (ECF No. 102-1 at 5-8.) Defendants argue that the medical records are relevant and discoverable—a point Plaintiffs do not dispute. (ECF No. 102-1 at 8; ECF No. 104 at 3.) In light of the discoverability of the request for medical records, and Plaintiffs' failure to return properly completed Release Forms, Defendants also argue they are entitled to an award of attorney's fees. (ECF No. 102-1 at 10-11.)

---

[1] This number appears to be a moving target, as by the filing of Plaintiffs' Sur-reply, "Plaintiffs have now produced a HIPPA form for each of the individual plaintiffs identified for Phase 1," but there are "fifteen remaining issues" with the forms that Plaintiffs' counsel is continuing to attempt to resolve. (ECF No. 113-1 at 1.)

2

Plaintiffs first counter that Defendants never made a formal discovery request for these Release Forms. (ECF No. 104 at 3.) As such, "Defendants cannot obtain an order compelling a response to an informal request . . . ." (ECF No. 104 at 3.) Plaintiffs next argue that the delay in producing the Release Forms is, at least in part, due "to the complexity of the . . . Defendants' own form . . . ." (ECF No. 104 at 3.) Finally, they argue attorney fees are not warranted because the Motion should be denied, or in the alternative, their failure to produce the Release Forms thus far is justified based on "the complexity of [Defendants'] form" which would make an award of attorney's fees unjust. (ECF No. 104 at 6.)

In their Reply, Defendants argue that they "did submit a formal document production request for Plaintiffs' medical records—back in December 2018." (ECF No. 111-2 at 2.) They cite to *Uszak v. Yellow Transportation, Inc.*, for the proposition that both an order compelling production of the Release Forms, and an award of sanctions, is warranted in this case. 343 Fed. Appx. 102 (6th Cir. 2009). (ECF No. 111-2 at 4.) They further argue that "there is absolutely no justification for any Plaintiff who is claiming emotional and physical harm . . . to (i) refuse to provide medical records in response to a formal Rule 34 request and then (ii) compound the resulting prejudice by refusing to sign or correct medical records release authorizations." (ECF No. 111-2 at 3.)

Plaintiffs' Sur-reply argues that *Uszak* is not only inapplicable to the facts before the Court, but the case is wholly distinguishable on the grounds that "the plaintiff in *Uszak* completely refused to provide a signed HIPPA form." (ECF No. 113-1 at 2.) Plaintiffs also argue that "a request for medical records is not the same thing as a request for a signed HIPPA form." (ECF No. 113-1 at 2.) They characterize the Release Forms request as a "wholly distinct and completely different type of request." (ECF No. 113-1 at 3.) They also note that "Plaintiffs fully responded to the 2018

3

formal discovery with all medical records they had in their possession." (ECF No. 113-1 at 2.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37 states that "[a] party seeking discovery may move for an order compelling . . . production . . . if: a party fails to produce documents . . . as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(iv). For its part, Rule 34 states that "[a] party may serve on any other party a request . . . to produce . . . any designated documents" that are discoverable. FED. R. CIV. P. 34(a)(1)(A). However, "federal courts have denied motions to compel the production of documents where the movant failed to make a formal discovery request for the documents." *Garrison v. Dutcher*, No. 1:07-cv-642, 2008 U.S. Dist. LEXIS 28267, at *6 (W.D. Mich. Apr. 7, 2008); *see also Mitchell v. Six Continents Hotels, Inc.*, No. 3:05-0705, 2006 U.S. Dist. LEXIS 77899, at *5-6 (M.D. Tenn. Oct. 25, 2006).

Regarding fees, Rule 37 also provides that if a motion to compel production is granted, "the court must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). However, "the court must not order this payment if . . . other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(iii).

## III. ANALYSIS

The Court starts by noting that the parties appear to agree that Plaintiffs' medical records are discoverable. With this substantive issue settled, the next question is whether Defendants are entitled to an order compelling production of a form that it did not formally request via a Rule 34 request for production.

Quite plainly, Defendants ultimately require access to Plaintiffs' medical records. However, after receiving minimal production on the documents requested through Rule 34,

4

Defendants sought an alternative, potentially faster, route in seeking medical Release Forms. The Court notes, as did the *Garrison* court, that "defendants' informal discovery request may be expeditious," but it does not comply with the Federal Rules of Civil Procedure. *Garrison*, 2008 U.S. Dist. LEXIS 28267, at *6.

The Court agrees with Plaintiffs. Although the Release Forms serve as the key to unlock access to Plaintiff's medical records, these forms are not the same as the *actual* medical records themselves. Practically speaking, the Court understands that one document will beget the others. However, as the Garrison court stated, "[t]o treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery." *Garrison*, 2008 U.S. Dist. LEXIS 28267, at *7 (quoting *Sithon Maritime Co. v. Holiday Mansion*, No. 96-2262, 1998 U.S. Dist. LEXIS 5432, at *6 (D. Kan. Apr. 10, 1998)). Defendants failed to include the alternative production mechanism—Release Forms—in their formal Rule 34 production request. As such, the Court DENIES Defendants' Motion to Compel without prejudice.[2, 3]

However, the Court will note that should this production issue continue, Defendants would be well within the bounds of the Federal Rules of Civil Procedure to seek an order compelling production of the medical records themselves. Plaintiffs' Sur-reply notes that the Plaintiffs have produced all the medical records that they had "in their possession." (ECF No. 113-1 at 2.)

---

[2] To a certain extent, this appears to be moot, as Plaintiffs have represented in their Sur-reply that they have now provided the Release Forms to Defendants, although there remain issues with the forms (some of which were "raised by providers") that "Plaintiffs' counsel have helped to resolve . . . and are still working to resolve the providers' remaining issues." (ECF No. 113-1 at 1.)

[3] As to Defendants' reliance on *Uszak*, the Court agrees with Plaintiffs' reading of that case as well. The Court ordered production of a medical release form because 1) the plaintiffs "put their own mental and physical conditions at issue," 2) the plaintiffs refused to "to provide medical releases," and 3) the defendant "made a written discovery request that plaintiffs sign medical releases." *Uszak*, 343 Fed. Appx. at 105, 108. Critically, Defendants here did not make a formal, written discovery request for production of the Release Forms. Moreover, it is apparent that Plaintiffs are not outright refusing to sign the informally requested Release Forms. As such, *Uszak* is entirely distinguishable from these facts.

5

However, a party has a duty to produce those documents that are within its "possession, custody, or control . . . ." FED. R. CIV. P. 34(a)(1). That means a party must produce discoverable documents when it "has actual possession, custody or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995). Here, it is clear that Plaintiffs have a "legal right to obtain" their own medical records "on demand." *In re Bankers Trust Co.*, 61 F.3d at 469. Just because the parties have, until this point, pursued an alternative route to production of the medical records does not absolve Plaintiffs of their ultimate production duties.

### IV. CONCLUSION

Because Defendants did not formally request production of the aforementioned medical Release Forms, the Court **DENIES** Defendants' Motion to Compel production.

IT IS SO ORDERED this the 7th day of March, 2024.

s/Jon A. York
UNITED STATES MAGISTRATE JUDGE

**IF DESIRED, AN APPEAL OF THIS ORDER TO THE PRESIDING DISTRICT COURT JUDGE MUST BE FILED WITHIN FOURTEEN (14) DAYS OF THE SERVICE OF A COPY OF THIS ORDER.** *SEE* **28 U.S.C. § 636(b)(1)(C); LOCAL RULE 72(g)(2). FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FOREFEITURE OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**