IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

CHARLES E. ADAMS, et al.,

Plaintiffs,

v. No.: 1:20-cv-01197-JTF-jay

ADIENT US LLC, et al.,

Defendants.

---

PLAINTIFFS' SUPPLEMENT IN SUPPORT OF MOTION TO SUBSTITUTE DECEASED AND INCAPACITATED PLAINTIFFS

---

Plaintiffs, Charles R. Adams, et al., submit this Supplement in Support of their Motion to Substitute Deceased and Incapacitated Plaintiffs (ECF 117, 117-1), and state in support as follows:

Introduction

The JCI Defendants filed suggestions of death on January 8, 2024, for Jeff Cagle, Shelby Ferrington, Geneva Williams, Freddie Carrington, Wilbert Jefferson, Virginia Jefferson, Patricia Britt, and Evelyn Nicks (ECF 101) and on March 11, 2024, for Brandon Woods (ECF 116). Plaintiffs filed a motion to substitute for these plaintiffs as well as Linda Fesmire, Mary Lou Davis, and Margie Wiggington. (ECF 117, 117-1.) At the time of filing that motion, Plaintiffs did not know if the JCI Defendants would object to the motion to substitute. On April 18, 2024, the JCI Defendants raised a number of objections that basically require Plaintiffs to just jump through some additional procedural hoops. (ECF 120.) As shown below, none of the JCI Defendants' arguments warrant a denial under the liberal standard for a motion to substitute. Additionally, none of the decedents' heirs have even been served with notice under Rule 4, so the 90-day

deadline for filing a motion to substitute has not even begun. Plaintiffs withdraw their motion to substitute Linda R. Fesmire because she is not deceased; Plaintiffs' counsel had received notice that a different Linda Fesmire (Linda M. Fesmire, who is not a party to this lawsuit) had died. For the reasons set forth below, the Court should grant Plaintiffs' motion to substitute.

Analysis

A motion to substitute under Federal Rule of Civil Procedure 25 is construed liberally. *In re Baycol Prods. Litig.*, 616 F.3d 778, 782–83 (8th Cir. 2010) (the Supreme Court's amendment to the Rule in 1963 allows greater flexibility in substituting parties); *see also Beaudry v. TeleCheck Servs., Inc.*, No. 3:07-0842, 2016 WL 11398115, at *15 (M.D. Tenn. Sept. 26, 2016). Rule 25(a)(1) provides that a party has ninety (90) days to file a motion to substitute after a suggestion of death is properly filed ***and served***.[1] FED. R. CIV. P. 25(a)(1). A suggestion of death must be made upon the record and served upon all parties under Rule 5 and all non-parties under Rule 4. FED. R. CIV. P. 25(a)(3); *Thomas v. Lowe's Home Cntrs., Inc.*, No. 3:07-cv-372, 2014 WL 12707122, at *1-2 (E.D. Tenn. Sept. 30, 2014). A suggestion of death that is not served on the proper non-parties does not start the ninety-day time limit. *Greene v. JPMorgan Chase Bank, Nat'l Assn.*, No. 3:18-cv-00509, 2019 WL 13196165, at *2 (M.D. Tenn. May 29, 2019). The non-parties to be served are the successors or personal representatives of the parties being substituted. *Id*. "A majority of the courts place the burden of effecting proper service on the party suggesting death, finding that, "'where a defendant's counsel files a notice of death for a deceased plaintiff, [counsel] must serve the decedent's successor [or representative] or, at minimum, undertake a good faith effort to identify an appropriate representative.'" *Id.* (quoting *Lawson v. Cty. of Wayne*, No. 11-11163, 2012 WL 5258216, at *2 (E.D. Mich. Oct. 23, 2012) (alterations in

[1] The plain language of Federal Rule of Civil Procedure 25(a)(1) does not require that a suggestion of death is filed before a motion to substitute.

original) (quoting *Antoine v. V.I. Port Auth.*, Civil Action No. 2001/63, 2008 WL 2872176, *2 (D.V.I. July 23, 2008)).

Federal Rule of Civil Procedure 25(a)(1) "simply describes the manner in which parties are to be substituted in federal court once it is determined that the applicable substantive law allows the action to survive a party's death." *Robertson v. Wegmann*, 436 U.S. 584, 587 n.3 (1978) (internal citation omitted). Federal courts turn to state substantive law to determine who is the proper party to substitute. *Turnage v. Oldham*, No. 2:16-cv-2907-SHM-tmp, 2019 WL 5424425, at *2 (W.D. Tenn. Oct. 22, 2019).

Tennessee Code Annotated § 20-5-101 modifies Tennessee's common law rule that a party's death extinguishes their claims. *Timmins v. Lindsey*, 310 S.W.3d 834, 840 (Tenn. Ct. App. 2009). Tennessee Code Annotated § 20-5-102 "directs the procedural steps to be followed when a party dies." *Id.* at 841. Under that statute, "[n]o civil action commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived." TENN. CODE ANN. § 20-5-102. When a party's death is unrelated to their claims, Tennessee Code Annotated § 20-5-104 specifies the proper individual to be substituted: "If no person will administer on the estate of a deceased plaintiff or defendant, the suit may be revived by or against the heirs of the decedent." TENN. CODE ANN. § 20-5-104; *see also Joshlin v. Halford*, 680 S.W.3d 187, 193 (Tenn. Ct. App. 2023).

If a decedent's estate was probated, the proper substitute is the estate's executor. *Dubis v. Loyd*, 540 S.W.3d 4, 9 (Tenn. Ct. App. 2016); *see also Nicholson v. City of Clarksville*, No. 3:21-cv-00459, 2023 WL 2629113, at *2 (M.D. Tenn. Jan. 27, 2023). "If no person will administer on the estate of a deceased plaintiff or defendant, the suit may be revived by or against the heirs of the decedent." TENN. CODE ANN. § 20-5-104; *Joshlin*, 680 S.W.3d at 194. A decedent's heirs

include "those persons, including the surviving spouse, who are entitled under the statutes of intestate succession to the property of a decedent." TENN. CODE ANN. § 31-1-101(5). Under Tennessee Code Annotated § 31-2-104(a), heirs include the surviving spouse and the decedent's children.

There is no "requirement that an estate has to be opened in order to make the motion, and the courts have been lenient in allowing substitutions even when the wrong party is named." *Cunningham v. Fresenius Med. Care, Inc.*, No. M2021-01087-COA-R3-CV, 2022 WL 2236312, at *5 (Tenn. Ct. App. June 22, 2022). Additionally, a decedent's heirs may be substituted when there is no other person willing or able to open and administer the estate. *Howard v. Sharbel, Tr. of Land End Invs. Tr.*, No. 3:17-CV-322-RLJ-HBG, 2019 WL 13298902, at *1 (E.D. Tenn. Sept. 18, 2019). Other courts have noted that where the decedent has a will that was not probated, then the executor named in the will or the primary beneficiary may be substituted. *In re Baycol Prods. Litig.*, 616 F.3d at 784-85.[2]

Here, Plaintiffs have complied with Rule 25's procedural requirements by serving the Motion to Substitute (ECF 117) on each non-party. See Certificate of Service filed concurrently herewith. Plaintiffs have identified the proper non-parties to substitute in, and Plaintiffs request the following substitutions for the following eleven (11) deceased Plaintiffs:

A. Donna Cagle for Jeff Cagle

The Court should grant the motion to substitute Donna Cagle for her deceased husband, Jeff Cagle. Jeff Cagle passed away on or about May 31, 2020. (Verified Statement ("V.S.") of Donna Cagle, Ex. 1 at ¶ 4.) Mr. Cagle did not have a will, and an estate was not opened for him. (Ex. 1 at ¶¶ 5–6.) There is no person willing or available to administer an estate for Mr. Cagle.

[2] The Court based its finding on federal cases, rather than state substantive law.

Since Donna Cagle is Mr. Cagle's surviving spouse, she is his primary heir under Tennessee intestate succession laws, and a proper substitute. (Ex. 1 at ¶ 3.)

B. Linda Ferrington for Shelby Ferrington

The Court should grant the motion to substitute Linda Ferrington for Shelby Ferrington. Shelby Ferrington passed away on or about May 11, 2021. (Linda Ferrington V.S., Ex. 2 at ¶ 4.) Mr. Ferrington did not have a will, and an estate was not opened for Mr. Ferrington. (Ex. 2 at ¶¶ 5–6.) There is no person willing or available to administer an estate for Mr. Ferrington. Since Linda Ferrington is Mr. Ferrington's surviving spouse, she is his primary heir under Tennessee intestate succession laws, and a proper substitute. (Ex. 2 at ¶ 3.)

C. Jeanette Guider for Geneva Williams

The Court should grant the motion to substitute Jeanette Guider for her deceased mother, Geneva Williams. Geneva Williams passed away on or about February 18, 2021. (Jeanette Guider V.S., Ex. 3 at ¶ 4.) Ms. Williams did not have a will, and an estate was not opened for her. (Ex. 3 at ¶¶ 5–6.) There is no person willing or available to administer Ms. Williams' estate. Since Jeanette Guider is Ms. Williams' daughter, she is her primary heir under Tennessee intestate succession laws, and a proper substitute. (Ex. 3 at ¶ 3.)

D. Doris Carrington for Freddie Carrington

The Court should grant the motion to substitute Doris Carrington for her deceased husband, Freddie Carrington. Freddie Carrington passed away on or about November 8, 2022. (Doris Carrington V.S., Ex. 4 at ¶ 4.) Mr. Carrington did not have a will, and an estate was not opened for him. (Ex. 4 at ¶¶ 5–6.) There is no person willing or available to administer Mr. Carrington's estate. Since Doris Carrington is Mr. Carrington's surviving spouse, she is his primary heir under Tennessee intestate succession laws, and a proper substitute. (Ex. 4 at ¶ 3.)

E. Tammie Todd for Patricia Britt

The Court should grant the motion to substitute Tammie Todd for her deceased mother, Patricia Britt. Patricia Britt passed away on or about January 12, 2022. (Tammie Todd V.S., Ex. 5 at ¶ 4.) Mrs. Britt had a will that named Tammie Todd to serve as executor, since the first executor died. (Ex. 5 at ¶¶ 5-7.) Mrs. Britt's will was not probated, and an estate was not opened for her. (Ex. 5 at ¶ 8.) There is no person willing or available to administer Mrs. Britt's estate. Since Tammie Todd is Mrs. Britt's daughter, and she was named as an executor under Mrs. Britt's will, Tammie Todd is Mrs. Britt's primary heir under Tennessee laws of both testate and intestate succession, and a proper substitute. (Ex. 5 at ¶ 3.)

F. James Nicks For Evelyn Nicks

The Court should grant the motion to substitute James Nicks for his deceased wife, Evelyn Nicks. Evelyn Nicks passed away on or about September 24, 2021. (James L. Nicks V.S., Ex. 6 at ¶ 4.) Mrs. Nicks had a will that named James Nicks as the beneficiary. (Ex. 6 at ¶ 5.) Mrs. Nicks' will was not probated, and no estate was opened for her. (Ex. 6 at ¶ 6.) There is no person willing or available to open an estate for Mrs. Nicks. Since James Nicks is Mrs. Nicks' surviving spouse, James Nicks is her primary heir under Tennessee intestate succession laws and a proper substitute. (Ex. 6 at ¶ 3.)

G. Allison Nicole Woods for Brandon Woods

The Court should grant the motion to substitute Allison Nicole Woods for her deceased father, Brandon Woods. Brandon Woods passed away on or about December 30, 2023. (Allison Nicole Woods V.S., Ex. 7 at ¶ 4.) Mr. Woods did not have a will, and an estate was not opened for him. (Ex. 7 at ¶¶ 5–6.) There is no person willing or available to administer Mr. Woods' estate. (Ex. 7 at ¶ 6.) Since Allison Nicole Woods is Mr. Woods' daughter, she is his primary heir

under Tennessee intestate succession laws and a proper substitute. (Ex. 7 at ¶ 3.)

H. Donna Ross for Mary Lou Davis

The Court should grant the motion to substitute Donna Ross for her deceased mother, Mary Lou Davis. Mary Lou Davis passed away on or about September 25, 2022. (Donna Ross V.S., Ex. 8 at ¶ 4.) Mrs. Davis did not have a will, and an estate was not opened for her. (Ex. 8 at ¶¶ 5–6.) There is no person willing or available to administer Mrs. Davis' estate. Since Donna Ross is Mrs. Davis' daughter, she is her primary heir under Tennessee intestate succession laws and a proper substitute. (Ex. 8 at ¶ 3.)

I. Carrie Lovins Jones for Margie Lovins Wigginton

The Court should grant the motion to substitute Carrie Lovins Jones for her deceased mother, Margie Lovins Wigginton. Margie Lovins Wigginton passed away on or about September 8, 2020. (Carrie Lovins Jones V.S., Ex. 9 at ¶ 4.) Mrs. Wigginton had a will that named Carrie Lovins Jones to serve as executor of the estate. (Ex. 9 at ¶¶ 5–6.) Mrs. Wigginton's will was not probated, and no estate was opened. (Ex. 9 at ¶¶ 7.) There is no person willing or available to administer Mrs. Wigginton's estate. Since Carrie Lovins Jones is Mrs. Wigginton's daughter and named executor, she is her primary heir under Tennessee intestate succession laws and a proper substitute. (Ex. 9 at ¶ 3.)

J. Virmeka Jefferson for Wilbert Jefferson

The Court should grant the motion to substitute Virmeka Jefferson for her deceased father, Wilbert Jefferson. Wilbert Jefferson passed away on or about November 21, 2020. (Virkema Jefferson V.S., Ex. 10 at ¶ 4.) Mr. Jefferson did not have a will and an estate was not opened for him. (Ex. 10 at ¶¶ 6–7.) There is no person willing or available to administer Mr. Jefferson's estate. Since Virmeka Jefferson is Mr. Jefferson's daughter, she is his primary heir under

Tennessee intestate succession laws and a proper substitute. (Ex. 10 at ¶ 3.)

K. Virmeka Jefferson for Virginia Jefferson

The Court should grant the motion to substitute Virmeka Jefferson for her deceased mother, Virginia Jefferson. Virginia Jefferson passed away in November 2020 and was buried on or about November 14, 2020. (Virkema Jefferson V.S., Ex. 10 at ¶ 5.) Mrs. Jefferson did not have a will, and an estate was not opened for her. (Ex. 10 at ¶¶ 6–7.) There is no person willing or available to administer Mrs. Jefferson's estate. Since Virmeka Jefferson is Mrs. Jefferson's daughter, she is her primary heir under Tennessee intestate succession laws and a proper substitute. (Ex. 10 at ¶ 3.)

Sandra Croom

Sandra Croom is not deceased but suffers from advanced dementia. See West TN Medical Group Specialty Care Neurology Jackson Records, Produced by JCI Defendants at M_0036595.[3] Rule 25 requires substitution only for parties who have died, not parties who are incapacitated. So, Rule 25 does not apply, and there are no timing requirements. As noted in the JCI Defendants' response, Federal Rule of Civil Procedure 17 allows a "like fiduciary" or a "next friend" to substitute in for a person who is incapacitated. Here, Rachel Arnold is Sandra Croom's niece and has a power of attorney. (Rachel Arnold V.S., Ex. 11 at ¶ 5.) Sandra Croom is widowed and has no spouse. The Court should allow Rachel Arnold to substitute in for Sandra Croom. Alternatively, the Court can deny the motion, and Sandra Croom can proceed as the named plaintiff since she is not deceased and has no time limit for finding a substitute.

[3] This document has not been filed because it is "confidential" under the protective order. The JCI Defendants have a copy of this document.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Substitute Deceased and Incapacitated Plaintiffs (ECF 117, 117-1) except as to Linda R. Fesmire, who is not deceased.

Respectfully submitted,

/s/Malcolm B. Futhey III

Malcolm B. Futhey III (TN 024432)
FUTHEY LAW FIRM PLC
1440 Poplar Avenue
Memphis, Tennessee 38104
901-725-7525
901-726-3506 (facsimile)
malcolm@futheylawfirm.com

Robert Stevie Beal (TN 007297)
Lena Beal (TN 030068)
Beal Law Office
22 Monroe Avenue
Lexington, Tennessee 38351
731-968-9077
731-968-0782 (facsimile)
beallawoffice@gmail.com

Donald W. Stewart (AL ASB-8898-A19D)
W. Taylor Stewart (AL ASB-9696-W57S)
Stewart & Stewart, P.C.
1021 Noble Street, Suite 110
Anniston, Alabama 36201
Tel: (256) 237-9311

Steven J. Baker (FL 209813)
Steven J. Baker, P.A.
15 West La Rua Street
Pensacola, Florida 32501
Tel: (850) 434-3009

*Counsel for Plaintiffs*

Certificate of Service

I hereby certify that a copy of the foregoing has been served this 23rd day of May 2024 via CM/ECF on the following:

Bradford Box, Esq.
Rainey, Kizer, Reviere, & Bell
209 East Main Street
P.O. Box 1147
Jackson, Tennessee 38302
bbox@raineykizer.com

*Counsel for Defendants Adient US LLC and Johnson Controls, Inc.*

Hal Segall, Esq.
Leah Dundon, Esq.
Beveridge & Diamond P.C.
1350 I Street, NW, Suite 700
Washington, DC 20005
hsegall@bdlaw.com

*Counsel for Defendants Adient US LLC and Johnson Controls, Inc.*

James Moskal, Esq.
Warner, Norcross, & Judd
45000 River Ridge Drive, Suite 300
Clinton Township, Michigan 48038
jmoskal@wnj.com

*Counsel for Defendants Manufacturers Industrial Group, LLC; John Zardis; and Andre Gist*

Joseph F. Welborn III, Esq.
B. Hart Knight, Esq.
Butler Snow LLP
The Pinnacle at Symphony Place
150 Third Avenue, South
Nashville, Tennessee 37201
joe.welborn@butlersnow.com
hart.knight@butlersnow.com

*Counsel for Defendants Manufacturers Industrial Group, LLC; John Zardis; and Andre Gist*

Donna Cagle
476 N Broad St
Lexington, TN 38351
dacagle@hotmail.com

Jeanette Guider
428 Derryberry Road
Lexington, TN 38351
Jmguider1964@gmail.com

Doris Carrington
159 Lakewood Dr.
Lexington, TN 38351
fgcdjc5c@charter.net

Virmeka Jefferson
10400 Lilac Avenue
St. Louis, MO 63137
virmekajefferson@gmail.com

Tammie Todd
98 Dennison Drive
Lexington, TN 38351
lovuvols@charter.net

Allison Woods
1056 Crucifer Road
Huron, TN 38345
allison.woods5858@gmail.com

Donna Ross
53 E Church St.
Lexington, TN 38351
dross@firstbankonline.com

Carrie Lovins Jones
644 Natchez Trace Drive
Lexington, TN 38351
gage.stookey@gmail.com

Rachel Arnold, niece
26 Barksdale Cove
Jackson, TN 38305

/s/Malcolm B. Futhey III