IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **CHARLES E. ADAMS et al.,** )<br> )<br>Plaintiffs, )<br>v. )<br> )<br>**ADIENT US LLC et al.,** )<br> )<br>Defendants. ) | No. 1:20-cv-01197-JTF-jay |

**ORDER GRANTING IN PART MOTION TO EXCLUDE NEW AND UNNAMED WITNESSES; GRANTING MOTION TO APPOINT GUARDIAN AD LITEM**

Before the Court are two pending motions. First is Adient's Motion to Exclude New and Unnamed Witnesses, or in the Alternative, to Compel Disclosure and Modify Case Schedule to Allow Discovery, filed on January 29, 2025. (ECF No. 187.) Plaintiffs filed their Response on February 12, 2025. (ECF No. 192.) On February 19, 2025, Adient sought leave to file a reply, and included a proposed reply. (ECF No. 194.) The Court granted Adient leave, but it appears that Adient intends to rely on its proposed reply.[1] (ECF No. 196.) Second is Plaintiffs' Unopposed Motion for Appointment and Substitution of Charles E. Adams as *Guardian Ad Litem* for Joyce Adams, filed on February 10, 2025. (ECF No. 188.)

For the reasons set forth below, Adient's Motion to Exclude is **GRANTED IN PART**, and Plaintiffs' Motion to Appoint Guardian *Ad Litem* is **GRANTED**.

---

[1] Adient never filed a reply after the Court granted it leave to do so. However, in its March 14, 2025 filing titled "Adient's Supplemental Statement(s) Regarding ECF 187 & 189" it cites the proposed reply's docket entry number in a sentence listing the docket entry numbers for the briefing on its Motion to Exclude. (ECF No. 199, 1.) That said, the Court will consider the proposed reply.

1

## I.  BACKGROUND

This environmental mass tort has been pending in this Court and Tennessee state court for six years. (ECF No. 1-1, 2.) The parties have agreed upon a case management plan and schedule in which the litigation will proceed in two phases. (ECF No. 61.) Phase One provides for a trial involving only 50 of the over 400 named plaintiffs, with each side choosing half of the plaintiffs. (*Id.* at 1.)

As the Court noted in its September 25, 2024 Order Addressing Motions to Substitute, this case has moved at a glacial pace. (ECF No. 156, 1.) Plaintiffs' counsel bears some responsibility for this considerable delay. As an example, per the Order Addressing Motions to Substitute, Plaintiffs' counsel's efforts to address issues pertaining to the death and/or incapacitation of a dozen plaintiffs were both untimely and inadequate; the Court had to direct the parties to re-brief the matter.[2] (ECF Nos. 124 & 156.)

Adient's pending Motion to Exclude arises from the same dynamics that were relevant to the September 25, 2024 Order. This time, the issues pertain to Plaintiffs' Rule 26 disclosures. At the time Adient filed this Motion, discovery was set to close on February 28, 2025. (ECF No. 183, 1.) On January 22, 2025, just over a month before the close of discovery, Plaintiffs provided Adient with supplemental Rule 26 disclosures. (ECF No. 187-1, 4.) Plaintiffs' supplemental disclosures included 67 new witnesses, and unnamed, unidentified witnesses falling under eight broad categories: (1) "[w]itnesses whose names may appear in documents produced during discovery"; (2) "corporate representatives . . . and various employees and former employees" of JCI; (3) "corporate representatives . . . and various employees and former employees" of Adient; (4)

---

[2] *See also* Adient's "Suggestion of Death for 23 Plaintiffs" filed April 9, 2025. (ECF No. 202.)

2

"corporate representatives . . . and various employees and former employees" of MIG, LLC and a separate entity, MIG, L.L.C.; (5) "corporate representatives . . . and various employees and former employees" of Weston Solutions, Inc.; (6) "[r]epresentatives and employees of the Tennessee Department of Environment and Conservation; (7) "[the] county tax accessor and property appraiser"; and (8) "[all] named Plaintiffs in this action." (ECF No. 187-5, 2-14.)

Adient initially requested that the Court exclude the 67 new named witnesses, as well as the testimony of any witness that Plaintiffs failed to properly disclose by name—as opposed to a broad category—or to compel Plaintiffs to disclose the unnamed witnesses' names and extend the discovery deadline. (ECF No. 187-1, 2.)

Plaintiffs contend that the Motion should be denied because they have already reduced the list of non-Phase One Plaintiffs to 14. (ECF No. 192, 2.) They submit that Adient knew about these witnesses for some time, and waited until September, 2024 to request that they identify people from the 300+ non-Phase One Plaintiff list. (*Id.*) Additionally, Plaintiffs insist that they have worked to reduce the may-call witness list, despite not having to identify those witnesses until the Rule 26(a)(3) pretrial order. (*Id.*) They argue that Rule 26(a)(1) doesn't apply to rebuttal or impeachment witnesses, so it does not apply to the unidentified witnesses they have disclosed. (*Id.*) Last, they contend that Adient failed to properly consult them regarding this motion, and is asking for an advisory opinion. (*Id.*)

After Plaintiffs' February 10 supplemental disclosures, Adient narrowed its objections to the following unnamed witnesses who were identified only by category: (1) All the "named Plaintiffs in this action"; (2) "corporate representatives . . . and various employees and former employees" of MIG, LLC and a separate entity, MIG, L.L.C.; (3) "corporate representatives . . . and various employees and former employees" of Weston Solutions, Inc.; (4) "[r]epresentatives

3

and employees of the Tennessee Department of Environment and Conservation"; (5) the "county tax accessor and property appraiser"; (6) "CTI and Associates, Inc."; and (7) all "[w]itnesses whose names may appear in documents produced during discovery." (ECF No. 194-2, 4.) With respect to these categories, Adient requests that the Court either exclude the testimony of any unnamed, non-impeachment witness or order Plaintiffs to identify these potential witnesses by name so that it can conduct discovery under an extended discovery schedule. (*Id.* at 6.)

## II.     DISCUSSION

Following Plaintiffs' latest supplemental disclosures, Adient narrows it request, asking that the Court either exclude seven of the nine categories of unnamed witnesses, or order Plaintiffs to disclose the witnesses' names and extend the discovery deadline so that it can depose those individuals. This Order resolves the Rule 26 issue in three parts. First, it handles some preliminary matters. Second, it determines whether Plaintiffs were required to identify the relevant witnesses in their pretrial disclosures. Third, it considers the appropriate remedy. The Court then takes up some miscellaneous matters, including Plaintiffs' Unopposed Motion for Appointment and Substitution.

### A. Preliminary Matters

Plaintiffs urge the Court to deny Adient's Motion to Exclude because it is asking for an advisory opinion, and it also failed to consult with Plaintiffs as to its included request to extend discovery. (ECF No. 192, 7-8.)

A judge in this district court previously explained that a motion to exclude via Rule 26 essentially asks the court to issue an advisory opinion because whether evidence falls under Rule 26's disclosure requirements turns on how the opposing party intends to use that evidence. *Long v. Procter & Gamble Mfg. Co.*, No. 03-1097-T-AN, 2005 WL 8156559, at *2 (W.D. Tenn. Dec.

4

28, 2005); *see also United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984) ("A ruling on a motion in limine is therefore essentially an advisory opinion by the trial court"). Rendering advisory opinions is a disfavored practice. *See Callwood v. Questel*, 883 F.2d 272, 275 (3d Cir. 1989). "The better practice is to deal with questions of admissibility of evidence as they arise." 2005 WL 8156559 at *1 (quoting *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.), *cert. denied*, 423 U.S. 987 (1975)) (internal quotation marks omitted).

The problems with Plaintiffs' Rule 26 disclosures, and the inevitable effect they will have on the Phase One trial are readily apparent. Again, this suit involves over 400 plaintiffs and has been pending for quite some time. (ECF No. 61, 1.) The Court has taken steps to rein in the case, most notably by setting a Phase One trial involving 50 of the 400 plaintiffs. (*Id.*) The whole purpose of this arrangement was to give Plaintiffs a chance to present their individual claims and Adient a meaningful opportunity to defend against those claims. However, Plaintiffs' refusal to disclose the identities of many of the witnesses they intend to call undermines Adient's ability to conduct basic discovery related to them and thwarts the Court's effort to make this case manageable. Put simply, the case is already unwieldy. Plaintiffs' nondisclosure of witnesses' identities leaves Adient and the Court in the dark, an untenable position. Thus, disfavored or not, the Court must resolve this matter before trial.

Second, Plaintiffs argue that Adient failed to properly consult them regarding its request to extend discovery so that it may depose the currently unidentified witnesses. (ECF No. 192, 7.) As noted above, the instant Motion was filed on January 29, 2025. Per Adient's Certificate of Consultation, counsel for Adient certifies that she consulted with Plaintiffs' counsel via telephone on January 22, 2025 regarding the motion. (ECF No. 187-15, 1.) She then emailed Plaintiffs' counsel on January 23, 2025 to discuss alternative resolutions to filing this Motion. (*Id.*) She then

5

spoke to him on the phone on January 27, 2025 to discuss the matter once more. (*Id.*) Adient states that the parties were not able to reach an agreement, thus necessitating the filing of this Motion. (*Id.*) In its Reply, Adient points out that Exhibits E, F, G, H, I, K, L and M in its initial filing demonstrate that it did consult with Plaintiffs regarding its need to extend discovery to depose the unidentified witnesses. (ECF No. 194-2, 1 n.1.) Indeed, Exhibit L containing Adient's January 23, 2025 email to Plaintiffs' counsel demonstrates that they would need "some limited adjustment of the current discovery and motions deadlines." (ECF No. 187-13, 2.)  The Court finds that Adient properly consulted Plaintiffs prior to filing this Motion.[3]

### B. Rule 26

Fed. R. Civ. P. 26(a)(1)(A)(i) requires parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information ... that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Parties are required to supplement their disclosures "if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.* (e)(1)(A). "A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." *Id.* (a)(1)(E).

---

[3] Even if Adient had failed to consult Plaintiffs regarding this one aspect of the Motion, the Court would not deny the Motion for lack of consultation because no rule would prevent Adient from refiling a conforming motion, and because the Court prefers to expedite the final determination of this matter. *See In re Regions Morgan Keegan Sec., Derivative & ERISA Litig.*, No. 2:07-CV-02830-SHM, 2013 WL 2179298, at *1 (W.D. Tenn. May 17, 2013) (declining to deny a motion where the moving party failed to file a proposed order or certificate of consultation).

Plaintiffs contend that they are not obligated to disclose the identities of the witnesses belonging to the seven enumerated categories because impeachment and rebuttal witnesses are excluded from Rule 26's disclosure requirements. (ECF No. 192, 6.) This argument is problematic.

First, the rule makes clear that witnesses must be disclosed by name "unless the use would be *solely for impeachment*." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). By its own terms, the rule exempts impeachment witnesses, not rebuttal witnesses. *Id.*; *see also* Fed. R. Civ. P. 26 Advisory Committee Note to the 2000 Amendment ("The disclosure obligation [of Rule 26(a)(1)] applies to 'claims and defenses,' and therefore requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party.") Plaintiffs point out that in applying Rule 26, district courts in the Sixth Circuit have not distinguished between impeachment and rebuttal evidence. *See, e.g.*, *Hall v. Siskin Steel & Supply Co., Inc.*, No. 120CV00136JRGSKL, 2021 WL 6335447, at *4 (E.D. Tenn. Sept. 9, 2021) (citing *Sessoms v. Ghertner & Co.*, No. 3:05-0257, 2006 WL 1102323, at *5 (M.D. Tenn. Apr. 25, 2006)); *see also Callins v. First State Bank*, No. 1:04-cv-1309, 2006 WL 8435116, at *2 (W.D. Tenn. Sept. 18, 2006) (reserving issue of whether undisclosed witnesses should be excluded for trial; holding that if witnesses are used solely for rebuttal purposes, then they will be permitted under Rule 26(a)(1)(A)(i)). The Sixth Circuit has not weighed in on this matter. However, several district courts outside of this circuit have reached the opposite conclusion. *See Baldassarre v. Norfolk S. Ry. Co.*, No. 2:18-CV-598, 2020 WL 855964, at *3 (E.D. Va. Feb. 19, 2020), *aff'd*, 854 F. App'x 540 (4th Cir. 2021) (holding that rebuttal witnesses must be disclosed under Rule 26); *see also Faure v. Las Cruces Med. Ctr., LLC*, No. 14CV559 KG/KBM, 2017 WL 4119162, at *2 (D.N.M. Sept. 15, 2017) (same).

The Court has reviewed the decisions from district courts within the Sixth Circuit and declines to follow them. Relevant here is the fact that none of the decisions exempting rebuttal witnesses under the impeachment exclusion explain why they are doing so. The Court surmises that these courts approached the issue in a general way, almost off-handily, and therefore recognized no distinction between impeachment and rebuttal witnesses. But the terms are not interchangeable. As the Eighth Circuit explains, "[i]mpeachment is an attack on the credibility of a witness, whereas rebuttal testimony is offered to explain, repel, counteract, or disprove evidence of the adverse party." *United States v. Harris*, 557 F.3d 938, 942 (8th Cir. 2009) (internal quotation marks and citation omitted). Furthermore, the Advisory Committee Notes make clear that disclosure of rebuttal witnesses is required under Fed. R. Civ. P. 26. *See* Advisory Committee Note to the 2000 Amendment. The problem here is in the burden on a plaintiff to anticipate defendant's proof before trial to enable it to identify rebuttal witnesses to counteract that proof. However, given the extent of this case's discovery and complexity of the case, including the need for opinion witness testimony, Plaintiffs and Defendants should be prepared to respond to and counteract all evidence presented by the opposing side. Therefore, the Court concludes that Plaintiffs are required to disclose any rebuttal witnesses under Rule 26.[4]

### C. Rule 37

Considering its finding that Plaintiffs were required to properly disclose the names of the witnesses currently identified only by category, the Court next determines the appropriate remedy. Pursuant to Rule 37 "[i]f a party fails to provide information or identify a witness as required by

---

[4] Even if the Court were to follow the in-circuit decisions excluding rebuttal witnesses from Rule 26's disclosure requirements, it does not follow that Plaintiffs' seven categories of witnesses would be exempted. Plaintiffs do not indicate in their brief or supplemental rule 26 disclosures what purpose these unidentified individuals would be serving. At best, they commit to not calling any unidentified undisclosed individuals "apart from corporate representatives" to "support their claims" at trial or in a hearing. (ECF No. 192, 4.) Because Plaintiffs have not indicated that the witnesses at issue would be rebuttal witnesses, this entire section reads as a non sequitur.

Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

Plaintiffs argue that Adient has failed to make a showing that their nondisclosure was not harmless under the test developed in *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir.2015). (ECF No. 192, 5.) They also complain that they are unable to "realistically respond" to the "broad category [of unidentified witnesses]" that Adient seeks to exclude. (*Id.*) However, this lack of information and context as to the seven broad categories of witnesses is precisely what Adient's Motion seeks to remedy. It is somewhat disingenuous for Plaintiffs to complain about Adient's lack of specificity about witnesses when the problem was created by Plaintiffs' failure to follow the rules and properly disclose those witnesses' identities.

Here, the Court need not delve into the *Howe* factors because the appropriate remedy is simple. The Court **ORDERS** Plaintiffs to disclose the identities of the witnesses previously identified only by category within two weeks of this Order's entry. The discovery deadline is **EXTENDED** to June 30, 2025, so that Adient can depose these soon-to-be-identified witnesses.

### D. Other Matters

#### i. Appointment and Substitution

Pursuant to Fed. R. Civ. P. 17(c)(2) and Fed. R. Civ. P. 25(b), Plaintiffs move to appoint Charles E. Adams as guardian *ad litem* for his wife, Plaintiff Joyce Adams, and to substitute him for her in this action. (ECF No. 188.) Plaintiffs submit that Joyce Adams suffers from memory loss and confusion and is unable to make decisions for herself. (*Id.* at 1.) Adient does not oppose the relief sought in this Motion.

An incompetent person without a "duly appointed representative," such as a conservator, may sue by a next friend or by a guardian *ad litem*. Fed. R. Civ. P. 17(c)(2). "The court must

appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).

The Court finds that it is appropriate to appoint a guardian ad litem to represent Joyce Adams in this action. Upon review of Charles E. Adams's verified statement, he appears fit to serve as his wife's guardian *ad litem* in this action. Pursuant to Fed. R. Civ. P 17(c)(2), Charles E. Adams is hereby appointed as Joyce Adams's guardian *ad litem*, and substituted for Joyce Adams via Fed. R. Civ. P. 25(b). The Court **GRANTS** Plaintiffs unopposed Motion. Consistent with this decision, the Court **ORDERS** that the caption be amended to reflect Joyce Adams's involvement in this action as "Joyce Adams, an incapacitated person, by and through Charles E. Adams, as Guardian *Ad Litem*."

### ii. Going Forward—Compliance with Court's Scheduling Orders and Basic Litigation Obligations

It is not necessary to address the issue of attorneys' fees and sanctions at this time. However, this should not be construed to mean that Plaintiffs' counsel has satisfactorily fulfilled its legal and professional duties. Notwithstanding the in-circuit holdings conflating rebuttal and impeachment evidence, the record demonstrates a lack of diligence on the part of Plaintiffs' Counsel.[5] The Court reminds Plaintiffs that compliance with the Federal Rule of Civil Procedure, local rules, and the Court's orders is required.

### III. CONCLUSION

Consistent with the foregoing, the Court:

- **GRANTS IN PART** Adient's Motion to Exclude New and Unnamed Witnesses, or in the Alternative, to Compel Disclosure and Modify Case Schedule to Allow Discovery;

---

[5] Plaintiffs' counsel appear to have waited nearly 4 years to attempt to substitute others in place of deceased plaintiffs when the relevant rule required them to have done so within 90 days (ECF No. 156, 10), failed to properly brief motions when they eventually filed them (ECF Nos. 124 & 156), failed to comply with other discovery obligations (ECF No. 177 (sealed)), and now, failed to properly disclose the identities of their witnesses.

- **ORDERS** Plaintiffs to disclose the identities of the witnesses previously identified only by category within two weeks of this Order's entry;
- **EXTENDS** the discovery deadline to June 30, 2025, so that Adient can depose these soon-to-be-identified witnesses; and
- **GRANTS** Plaintiffs' Motion for Appointment and Substitution of Charles E. Adams as Guardian *Ad Litem* for Joyce Adams.

**IT IS SO ORDERED**, this 7th day of May 2025.

<u>*s/John T. Fowlkes, Jr.*</u>
JOHN T. FOWLKES, JR.
United States District Judge